## W. E. WHALEY v. THE STATE.

### No. 14484.  Delivered November 13, 1931.

The opinion states the case.

*Jesse Owens,* or Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Officers observed appellant in a car on a road near the back end of a hotel about 10 o'clock at night.  They followed him.  Appellant ran his car into a ditch and stopped and began breaking containers of whisky which were in the car.  Four half-gallon jars were broken, and four half-gallon jars full of whisky were found in the car by the officers.  Two half-gallon jars of whisky were found where they had been thrown out of the car.  Appellant took the stand and testified to his possession and transportation of five gallons of whisky on the occasion in question, which he claimed he bought for medicinal purposes.  The trial court told the jury in the charge that if they believed appellant transported the whisky for medicinal purposes, or if they had a reasonable doubt thereof, they should acquit.

There are seven bills of exception, each of which has been examined but error perceived in none.  Said bills are vague, indefinite and difficult of comprehension.  We do not see how an attempted discussion of same would be of any value.  The jury have a right to reject the testimony as well as the defensive theory of the accused.  Appellant said he broke the

338

jars of whisky because he did not know he had a right to transport the liquor for medicinal purposes. The credibility of the witness and the weight of their testimony is for the jury. We think the evidence amply sufficient to support the verdict, and the judgment will be affirmed.

*Affirmed.*